## The People of the State of Illinois, Defendant in Error, v. George Rupp, Plaintiff in Error.

### Gen. No. 25,322.

1. CRIMINAL LAW, § 372*—*when judgment is erroneous.* Upon conviction of the charge of contributing to the dependency and neglect of children under the statute (J. & A. ¶ 3580), an order imposing neither a fine nor imprisonment is erroneous.

2. INFANTS, § 4*—*what "parent" is responsible for support of neglected child.* The word "parent" in the statute punishing contributing to the dependency and neglect of children [Callaghan's 1916 Stat. ¶ 3580(1)] means the legal parent and cannot be applied to the father of an illegitimate child.

3. INDICTMENT AND INFORMATION, § 22*—*when information as to neglect of child is insufficient.* An information charging that the defendant "did neglect to give said child proper parental care" fails to allege any crime under statute defining and punishing the offense of contributing to the dependency and neglect of children [Callaghan's 1916 Stat. ¶ 3580(1)].

Error to the Municipal Court of. Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed. Opinion filed October 6, 1920.

WILLIAM SLACK, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

The information filed in this case alleges that the defendant Rupp, being the father of Elizabeth Kolkan, an infant child, ".did neglect to give said child proper parental care, contrary to the form of the statute in such case made and provided." After hearing, the court found the defendant guilty in manner as charged in the information and entered an order releasing him

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon probation for the period of one year upon certain conditions, one of which was that he pay to the clerk of the court for the use of the mother of the child in question, $4 per week for the period of probation. Later, on motion of the People, by the State's Attorney, that order was vacated and set aside and a new order was entered "that the defendant pay to the clerk of this court, for the use of Helen Kolkan (the mother of the child), $4.00 on Saturday of each week for the support of Elizabeth Kolkan." This writ of error was sued out to reverse that order.

The statute [Callaghan's 1916 Stat. ¶ 3580(1)] provides that "any parent, legal guardian or person having the custody of  *  *  *  a female under the age of 18 years, who shall knowingly or wilfully cause, aid or encourage such person to be or become a dependent and neglected child  *  *  *  shall be deemed guilty of the crime of contributing to the dependency and neglect of children and on conviction thereof shall be punished by a fine of not more than $200.00 or by imprisonment in the County jail  *  *  *  for not more than one year or both by such fine and imprisonment." There follows a provision for probation of one year upon condition that the defendant "shall provide and care for such neglected and dependent child in such manner as to prevent a continuance or repetition of such state of dependency and neglect or as otherwise may be directed by the court," and it is further provided that if the defendant violates any of the conditions of the parol during the year, the court "may forthwith revoke the order and sentence him under the original conviction. Unless so sentenced, the defendant shall, at the end of the year, be discharged."

The defendant was not the husband of the mother of the child, which was born to her about a month after she procured a divorce on the ground of desertion. Even if the statute could be applied to the defendant, the order was erroneous as it imposed neither a fine

nor imprisonment and clearly is not such an order as the statute provides for.

But we are further of the opinion that this statute cannot be applied to the father of an illegitimate child, —assuming this child to be such. He does not have the custody of the child,—at least such is not shown to have been the case here,—and he is not entitled to such custody, as a matter of right, under the law, nor is he the child's "legal guardian." In our opinion the word "parent" in the statute means the legal parent.

It should further be noted that the information, in charging that the defendant "did neglect to give said child proper parental care," fails to allege any crime or offense under the statute.

For the reasons referred to, the judgment of the municipal court is reversed.

*Reversed.*

TAYLOR, P. J. and O'CONNOR, J., concur.